The next matter on our calendar is the Wave Studio versus General Hotel Management Limited. Would you put this in the order, thanks. Thank you. Mm hmm. Sure. Correct. Correct.  Mhm. Mhm. Mhm. Mhm. Yeah. Okay. Mhm, mhm, Speaking? Uh, Pallant. We're ready for you. Uh, wait at the podium and on the microphone so we can actually hear what you're saying. If you think that would be a benefit. Good morning. Good morning. J. Tok of Pillsbury on behalf of the the appellant, the wave studio LLC may please the court. Uh, this case is one of rampant copyright infringement taking place in the United States, subject to American law and perpetrated by a group of defendants, the near entirety of which are in the United States or North America. The district court's decision below, which was handed down without the yielded the incongruous result that an American company, the appellant, a New York LLC, albeit owned by a foreign national, is now being forced to go to Singapore, a foreign country to enforce its U. S. Copyright claims against a Singapore company. And if successful there, come back to New York and litigate those same claims. The argument is, is that this isn't an American company. It's just an American company on paper. Your Honor, of course, I certainly understand the argument, but this is a New York LLC that have any assets in the United States. It does not. Your honor, does it happen? Other than well, other than the copyright registrations, which are assets, of course, and does it have any employees in the United States? It's not your honor. But its purpose is to I just didn't I asked whether it had any employees or assets. And the answer was no. In the United States. Assets is yes. Actually, your honor, it's for the infringement claims. Well, and the copyright registrations registration, right? Which are an intellectual property asset. Of course, witnesses, people, individuals are, I gather, largely in and about Singapore. So what people who know the facts of this specific case against this specific defendant, the witnesses that would know about the specific just against G. H. M. Your honor. Yeah. Have you objected? Are you appealing the notion of severing them from the other 35 or 30? So defendants? Absolutely. In fact, that we spend a fair amount of our briefs discussing the impropriety of that severance. This court's prudence on severance in the sever and transfer doctrine from Wyndham Associates cited in our briefs is really meant to focus on judicial economy and making sure that that that is furthered. That is not furthered here because the court merely severed G. H. M. In order to avoid having to fully address the adequacy of Singapore as a forum. Because ultimately, this is a claim for U. S. Copyright infringement against mostly American companies. Did you seek authorization from the district court under Rule 54 B to appeal the severance order? I'm concerned about our jurisdiction here to address this. So the severance is kind of unusual step, but it calls into question whether there's been a final judgment in the district court. Could you address that concern? Of course. Um,  exercised here. Every circuit, with the exception of the 4th, 8th and federal circuits and court. In fact, this this circuit was, I think, the first circuit to recognize that a severance under Rule 21, in fact, creates a separate case for the purposes of finality and appeal ability. There's no separate case number, right? That's correct. But there isn't. The rule for this materiality and appeal ability is one of practical effect, not just formality on which we, of course, I didn't are brief as well. The fact is that the district court wanted to create a separate action. But isn't isn't that the the case against the one defendant that's here? What is GMH? Isn't that the one that was severed and is appealable rather than the severance itself or the severed other severed defendants? It's both, Your Yourself is required in order for the court to have to avoid addressing the first prong of the adequacy of the alternative forum, which is whether or not the defendants are susceptible to service in Singapore. So if G H M is correct and the severance here is not a final and appealable order, they did not create a separate action. Then you've got all the 70 plus defendants in the case, most of which are North American or actually American and are not going to be susceptible to service in Singapore for a claim of U.S. copyright infringement. They could take the first part of the issue as to whether there is a copyright in its own and after that come back here and into the United States and continue with the other defendants. I mean, why is that not an efficient way to go about it? Well, first, there's no clear procedural path for essentially asking for certifying a question to the Singapore Supreme Court. So, uh, and that's not what the court did at all here. In fact, if the court might have tried to reserve just that issue of copyright ownership, but it didn't do that. In fact, the court first did not decide whether Singapore law even applies. It did not decide whether it was a copyright infringement or not. So, uh, second, it, uh, at, uh, joint appendix, page 13, pardon me, uh, 2391, uh, the court makes clear that it is dismissing all claims against GHM, not reserving some, but all claims, which means the entirety of the U.S. infringement claims. But the docket sheet suggests that the, uh, plaintiff's claims against the remaining defendants and any cross claims among the defendants continue to be in the U.S. court and remain in the court. So to the extent there's an action over for indemnity, GHM is not totally dismissed from the case. It's, it's the primary liability, I think, that was severed and dismissed and sent to Singapore. Am I incorrect in that? That's why I read the docket sheet. That's correct. The cross claims that the other defendants have, have made against GHM for indemnity remain in the non-severed case, if you will. Um, the plaintiff's U.S. copyright infringement claims against the, uh, against GHM. What the other claims are derivative, aren't they, of the claims against GHM? They are put, they are defendants to whom GHM distributed, redistributed the photographs. Isn't that correct? That is not totally correct, Your Honor. In fact, there are a number of defendants who received the photographs from, we don't know where. We've never actually been, uh, offered the opportunity to do discovery to find out. But in fact, there are a number of defendants that, uh, received the photographs from, we just, we just don't know. So that, that is incorrect. They didn't, they didn't necessarily receive them from GHM. Correct. Correct. They didn't necessarily receive them from GHM. And yet, why would they use them if they weren't promoting GHM? Well, because GHM is, is a hotel management company. The, they would use the photographs for their artistic value in the depiction of the properties that, uh, that they cover. Uh, so they're using them for their artistic value, the, the, the intrinsic value for why we... So they could use it to promote airplane travel to, to the place or tours near the place, but not necessarily the GHM properties. Is that what you're saying? No, the hotels themselves as well, because GHM is... I know the hotels. I'm trying to figure out whether there's something beyond the hotels. Could very well be, but, uh, the photographs really are used to depict a particular hotel in a particular place. Uh, not necessarily that they're, they're managed by GHM. So these other, uh, uh, defendants are using, are using it to themselves for their own purposes to promote these hotels. Correct. They're typically travel websites for people to book, uh, travel to various hotels. So your time has almost expired. Why don't you turn to the merits of the forum non-convenience decision without beyond, go beyond severance in the time remaining? Absolutely. So the, the court, uh, abused its discretion for a couple of reasons. First, it did not fully, uh, analyze or really analyze at all, whether or not a Singapore court could, he could and would hear a case for US copyright infringement. There's no question that because the district court, uh, dismissed the entirety of the claims against GHM, that the Singapore court is going to have to, to apply American law at least. But we've said, I think in, in Piper Aircraft that the alternative forum is adequate if it permits litigation on the same subject matter that plaintiff seeks to litigate. And we've upheld that analysis in the antitrust context where it was not necessarily that the foreign court was going to be applying the US regime. It does seem that Singapore courts, um, will adjudicate a copyright, a claim of nature of copyright infringement. Um, why isn't that, why isn't that adequate? In what respect does that, uh, does that fall short? It falls short, Your Honor, because the question is not whether or not Singapore has a copyright statute and can adjudicate claims of copyright. The issue is whether a Singapore court can or will adjudicate a claim for the United States subject to American law. And there's no question that a Singapore court that is, that faces this case, if it were filed in Singapore, would have to apply American law in a number of places first to decide, well, whether or not American or Singapore law applies to the copyright ownership threshold issue. But there's no dispute that it would also have to apply American law as to the second prong copying, uh, and third, and as to the remedies. So therefore, your argument is, your argument is the Singaporean court would not be able or would be unwilling to do so. Either one. Unfortunately, the record is completely absent of any analysis whatsoever. Not a single statute, not a single case, not any indication whatsoever that a Singapore court could or would do it. It's possible. It's entirely possible. Why, why can't the order say if it can't or won't, as we did once, I recall it can't or won't, then, uh, it can be, uh, uh, restarted. Absolutely. And in fact, that's my, my second point as to how the district court abused his discretion by failing to have a conditional dismissal like this court ordered and founded an abusive discretion in the Usha versus Honeywell case. In that case, Usha was an Indian company that contracted with Honeywell to do some work in India, uh, believe that Honeywell breached that contract sued here in the Southern district of New York and the district court said, well, the Delhi high court is a perfectly capable court to decide a breach of contract case governed by Indian law. True. And this court said we're not that you would not disturb that initial finding, but because the Indian courts are so clogged and, uh, protracted in litigation that it was possible that India might not be a, uh, a, a good venue. First of all, I want to tell you that that was a beautifully written opinion. Yes, I thought so too. Secondly though, seriously, uh, why can't we do something very much like that here? I say, yeah, it's better there. Every boy, all the witnesses are there, but if it doesn't come, come, you know, but it's conditional and come back here, you know, come back if it doesn't work for, for that sort of a reason. Well, the tandem to Judge Sacks question, did you request that kind of condition of the district court? In the, in the court below? Yes. No, Your Honor, because, uh, so to, to first address Judge Sacks question, um, this court absolutely can and in fact should do that. We've asked that this court do that as it did in Usha, uh, which was, by the way, not raised that that issue was not raised in Usha either. Um, so that should not be a prejudice of, uh, here. You know, since we are on abusive discretion review, it's interesting always to know what arguments and requests you made of the district court. Of course. And I will respond to that, Your Honor. Um, but this court should do that. It is an abusive discretion not to have taken into account the statute of limitations issues that the district court order actually created and didn't exist, but for the dismissal that was unconditional. This court should then make that dismissal, uh, unconditional. And what is the condition that you, since it wasn't proposed below, what condition precisely would you propose? The condition should be that the, uh, dismissal is conditional on one, uh, the Singapore court accepting the case, uh, or, uh, or not applying a statute of limitations defense in a Singapore case. And, uh, the statute of limitations being told, uh, if we have to refile in the United States. I thought you were just, go ahead. I thought you were just talking about whether the Singapore court would be able to apply us copyright law, which is something quite different from the statute of, I mean, I suppose that includes the statute of limitations, but it's not limited to that. So I'm a little confused about what condition you're urging us to apply. Right. The condition, I apologize if I was unclear, Your Honor. Uh, the condition is that the statute of limitations under a us law is told both in a, uh, a case filed in Singapore as well as if the Singapore court turns out to be an inadequate forum or refuses to take the case, uh, that the statute of limitations is told here in the United States as well. Does the Singaporean court have a right to not take the case? I mean, did they have a right not to accept a case brought according to Singaporean law? We have no idea. And that's the problem in the record below that it was never brought up despite the fact, uh, that appellant brought that fact up that this is a us copyright infringement and the Singapore court can't hear it on a number of occasions in the briefing below. It was never addressed either by GHM or the district court. In your description of the condition you would ask us to impose, you said, or if the Singapore court turns out to be an inadequate forum, that of course encompasses many, um, uh, potential aspects of a decision. Um, so, uh, again, this just highlights for me the problems with not having requested a specific condition of the district court who would have been in a position to shape it, um, more clearly. But is your focus primarily on the statute of limitations and totaling it or just correct? Yeah. Yeah. It's statute of limitations, uh, both as a, if the Singapore court does accept the case and, uh, that it would be told as to that case filed in Singapore, as well as, uh, if that didn't happen and the court reject, the Singapore court rejected the case and said it wouldn't decide an issue, a case of us copyright infringement that, that when we had to refile here in New York, that the statute of limitations is, is, uh, preserved as GHM says in its opposition. Um, it, the filing date was preserved as to all but one defendant. We, we know who that defendant is. And so this court should, should safeguard against that problem. The reason it wasn't brought up in the first in, in the lower court, of course, your honor is again, appellate brought to the court's attention and GHM's attention that a Singapore court can't actually address a case of us copyright infringement, which was never addressed by GHM or the lower court. So there was no need to discuss this conditional, uh, dismissal, um, because there was never any briefing on the issue. Uh, time has expired. Thank you. You have reserved some time for rebuttal. Yes, your honor. Two minutes. Thank you. We'll hear from GHM. May please the court. My name is Daniel Barnes and the law firm of case associated and John Tomasi with me here today, making her first appearance before any court of appeals is my colleague, Abigail or more. Um, one of the things that was mentioned a few moments ago that is particularly important is that this case is on an abuse of discretion standard. I think any fair reading of judge side, Bell's decision, just 22 pages long clearly indicates that she went through all of the different elements. You make a finding as to the adequacy of the Singapore court to hear this case. She did. Okay. And it's not a requirement that the Singapore court, as one of the, as one of you, I'll confess, I forgot which one said earlier, it's not a requirement that the Singapore court here, the case under us law, it's the adequacy of the forum has to do with whether or not Singapore has a legitimate court system that will hear a copyright case. They have a choice of law that they will have to make. That is exactly true. They will have to do that. Um, I also want to talk a little bit about, uh, this notion of condition. I'm a little confused. There's a question of copyright and of infringement. Of course, those are two different questions. And it seems to me that the argument can be made, let's assume it can, that Singapore is a perfect court for hearing the copyright question, but a very bad court for hearing infringement because the defendants are all, so the potential infringers are all here. There's no way to separate, separate the two. Is there, is there any way to say, okay, Singapore, first you decide this. And if you decide that it's a, uh, uh, that there is a copyright ownership of such and such, uh, copyrights, uh, uh, that would be as I, uh, it's hard to imagine that working saying, come back to us. Well, because it would be like certifying a question to the Singapore Supreme Court. Your Honor, what the court did is the entire case against GHM with regard to both the ownership threshold issue and the violation that's in Singapore. Once that's resolved, um, the individual cases of infringement by these other, uh, defendants that gets decided here in New York. I understand. I would, I'm just was concerned about deciding an infringement issue by the Singapore court since the infringement issue is, is definitely a U S I think is a U S law question and not a something else. But as to the, as to the case between wave and GHM, all of the evidence relating to that issue is going to be in Singapore. The photographs were taken there. They were used by GHM, uh, in Asia and out of its Singapore office. Um, and the hotels are all in generally in that area, although some of them are in other parts of the other parts of the globe. Um, but it all gets back to the abuse of discretion standard, which is the judge went through all of this and made a very well reasoned decision. Um, but more importantly, when we get to this issue of reserving, what, what is it, what I'm sorry, what is it that the, that the district court would not take argument on? I'm sorry, I don't, your, your, your adversary says that she wouldn't even hear oral argument on this. There was no oral argument on the motion to, on the motion for summary judgment. It was decided on the papers, on the summary judgment or severance. The summary judgment motion was decided on the papers. And that includes severance. I think so. I believe so. Your honor. Yeah. I mean, you say it was a well reasoned opinion and it's, uh, it's interesting at least that that oral argument wasn't not determined, of course, but I wanted to know whether it was heard or not. Your honor, I'll confess. I've been doing, I've been doing this since 1996, for better or for worse, the district courts, uh, both in the Southern district and the district of New Jersey, where I do most of my practice here, less and less oral argument. It's just the nature of, of district court practice, particularly in the last 10 years. Um, and so that's just what, just what's happened. What's happening. Nonconvenience was put before the court by you, of course. Yes, it was. Yes, it was. It was one of several different elements of a motion for summary judgment. Uh, the judge didn't have to reach any of the substantive issues when she decided on FNC grounds. That's exactly right. Your honor. She included a footnote saying that the parties requested oral argument, but she did not find it necessary. That's correct. She acknowledged the request. Yes. Yes. Your honor. Um, one of the things I want to, I want to get back to is this idea of holding back something or conditionally dismissing the case. It was an issue not raised, um, before, um, uh, uh, the trial court, but more importantly, the reason why, uh, my learned adversary wants a condition attached now is he's concerned about a statute of limitations defense. Should this case go to Singapore? And he's right to be concerned, but it's a problem of his own, of, of wave zone making forum. Nonconvenience was asserted as an answer as part of our answer as an affirmative defense. And then in the decision that judge side bell said, she mentions, um, in what is, uh, uh, in a section I'll read, it's near footnote 10. It's near footnote 10. It's in the section labeled delay. In addition, in February, 2015, GHM alerted plaintiff in writing to the potential forum, nonconvenience ground for dismissal. And in April, 2015 GHM, each email plaintiff to confirm receipt of the February letter. And so the idea that that forum nonconvenience came out of at a left field, not that, but supposing, uh, the, uh, uh, the Singapore court says, uh, this is an American case. We're not going to hear that. That's a different issue, your honor. No, no. But my question is, let's say that happens and comes back here. Uh, are they, does, has the statute been running all this time? Well, the fact that there's a, the fact that there was a case filed here, the statute he filed as he filed a timely, I presumably filed a timely claim when he filed his cause of action here. And so that's remains timely when it comes back here. Your honor, I think you'd have to attach that condition, but that's what I'm asking. I think that condition, that condition, I don't think we could object to. However, that condition assumes that the, that, that the Singapore case, Singapore court refused to take the case on any grant on, on, on, on non-substantive grounds. Uh, the Singapore court should be free to grant a dismissal based on statute of limitations grounds because wave here had full opportunity to have the forum non-convenience issue adjudicated before any statute of limitations would run in, in, in, in Singapore. It was in our answer. They certainly could have responded to our answer with a motion to dismiss or a motion or motion to, uh, uh, for summary judgment on forum, non-convenience grounds at the outset of the case or in February, 2015, or in April, 2015, when the issues was, were, were brought to them. Could have asked that tolling be included in whatever order the court issued. They could have asked for that and they didn't do it. At some point, your honor, this is a problem, actually not at some point at this point, your honor, this is a problem of wave zone making. And for us to first adjudicate this issue when it was not raised at the district court level is wholly improper, wholly improper and prejudicial. I believe one of the members of the panel mentioned that it's, it's, it's very hard now for me, uh, for, for the court. And particularly now for me to, to respond to these potential limitations on the dismissal when there's nothing, there's no proposal, uh, before us, there's nothing in writing that was proposed to the district court. There's no finding by the district court about what's necessary. And the reason for that is of waves own making. There was no request to this court as part of our decision on this case to what told the statute of limitations. Should we decide to affirm the district court? Uh, not that I recall, your honor. I think there was some mention on page 42 of, of, uh, of my adversary's brief about this issue, but it wasn't about a tolling issue. It was about condition. It was about a conditional grant of, uh, of, of, of, of a conditional grant of the dismissal, um, which is a wholly different, wholly different thing. Um, if we think, and you say we have the power, if you think that there should be an amendment, uh, to cover any, any problem, an amendment to the, uh, uh, the, the order of the, of the district court, is that something we should, something we can do? Is it something we should do? Or is it something we should send back to the district court and require the district court to rule on it? Your honor, frankly, I don't think this court should do it. And I don't think it should be waived or sent back to the district court to be done. The time to ask for that was before the district court. That didn't happen. And it's harsh result, but it is the proper result because at the end of the day, your honor, there is case law in this, in this, in this circuit. And in fact, in every appellate court for which I've appeared that if you don't raise an issue before the trial court, you don't get to raise it anew at the appellate. Of course it may or may not be a harsh result. It just depends what the Singapore court ends up doing. Yes, your honor. And that's actually where I was. Another point I wanted to make, we don't have any findings or any discussion or any, uh, presentation in before the district court or before this court that there is a statute of limitations problem in Singapore or that the Singapore court won't take the case for any reason, good, bad, or indifferent. All we know is that we were to argue as part of your forum, non-convenience motion to dismiss that the court was adequate. I did argue that. And we do know that it's adequate because Singapore, it meets the standard set forth by the, by this circuit and the other circuits, which is that it has experienced dealing with claims of this nature. It's a well-regarded court. Frankly Singapore is one of the wealthiest countries in the world, largely because of its excellent judiciary system and the rule of law in that jurisdiction. So the notion that Singapore of all places couldn't hear what is a garden variety, uh, uh, copyright claim is, is unfathomable. I'm going to know that their judges are extremely well paid. So maybe we ought to, I, you know, I don't know what to make of that. Uh, your honor. Um, I can't speak to the issue of judicial salaries here or in Singapore. Um, but I can tell you that, uh, uh, my knowledge of the Singapore judicial judicial system is that it's excellent. And that's what judge Cybele found. So long as you're not suing the Singapore government, it's actually in this case, that issue is not present. Uh, and so we don't have to deal with that. Thank you. Council. Thank you, your honor. Mr. Tokay, you reserved two minutes for rebuttal. If I've mispronounced your name, I hope you'll help me get it right. Thank you, your honor. Yes, it's toke. Thank you. Okay. Toke. Oh, just toke. Okay. Mr. Tokay. Thank you. I was just a few points on rebuttal. First with regard to the abusive discretion standard, this court has held that a failure to fully address any particular factor in the forum, nonconvenience analysis does constitute a factor. Did the district court fail to analyze or the adequacy of Singapore as a forum because it did not analyze whether or not a Singapore court could or would address an issue of a U S copyright infringement subject to American law? District court would be required to do that as long as the court is adequate in terms of a functioning judiciary and a body of laws that are recognized as comporting with the rule of law. It would be in Congress. However, uh, your honor to say that we would have to bring a Singapore claim for copyright infringement when the infringement may not have happened in Singapore, but it did happen in the United States. So we have no idea whether the Singapore court is going to be adequate. And again, going back to the Usha case, this court has found that it is, it was an abusive discretion, which was not raised in the district court, quite frankly, um, to not have the dismissal be conditional. It should be conditional. And the other reason we didn't bring it in and bring it up in the lower court is because the statute of limitations of having to refile in the United States could not have been foreseen because there was no discussion whatsoever about being able to sever GHM and only, uh, uh, kick out that one case. We had 80 defendants, most of which are American. The only ground in which you find the district court's opinion was wanting. No, your honor, as we've indicated in our briefs, uh, the court erred in granting the severance. That was an abusive discretion. Uh, also failed to, uh, completely, uh, address the adequacy of the alternative forum, both because it of the susceptibility of the other defendants to service. What about the other factors? Both the private as well as the public factors were, uh, improperly, uh, weighed as well. And it was an abusive discretion as well. Um, I'm happy to address those if the court would like, but we've, we've adequate, like we've, we've dealt with them in depth in our briefs, but we did, I will say in the briefing, um, we did in fact ask for this tolling. There is a significant section in which briefing in the briefing on appeal, but not in the district court. Correct. Correct. Yeah. Again, we were not able to predict that that would happen because we didn't know what the court was going to do and to address the issue about forum nonconvenience and that they had raised it to our, uh, to our attention. That's true. But that presupposes that GHM was right, which it may not have been. Um, this was a case for us copyright infringement where GHM, uh, uh, had a lot of activities within the United States such that forum nonconvenience may very well not have been the inappropriate. And we believe it was not an appropriate basis. We did. We did. So in contesting it in the district court, did you do any, uh, raise the issue of the statute of limitation? No. Again, because we, we raised the issue more fundamentally that, uh, Singapore court wouldn't be able to hear this case. Um, both because it's also possible to, to continue and say, but if you, but if it does, that is true, we did not. But, uh, but again, in the OSHA case, that wasn't a requisite, uh, that this court needed in order to find an abuse of discretion like there is here. Um, and finally, and finally, um, yeah. Well, actually I'll submit just on that unless the court has any other further questions. Thank you very much. Thank you. Thank you. Very interesting argument.